E-FILED
Tuesday, 26 June, 2007  03:24:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Tony Manuele, Jr.**, d/b/a Tony's Sporting Goods<br>7922 Wildlife Road, Chatham, Illinois, 62629<br>　　　　　Petitioner<br><br>v.<br><br>**Acting Director of Industry Operations**,<br>Chicago Field Division, Bureau of Alcohol, Tobacco, Firearms & Explosives<br>525 W. VanBuren Street, Suite 600,<br>Chicago, Illinois, 60187<br>　　　　　Respondent | Civil No. _____ |

### Petition For Judicial Review

1. This is a Petition for de novo judicial review of the revocation of a license as a dealer in firearms other than destructive devices, brought pursuant to 18 U.S.C. Sec. 923(f)(3).

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331 as it arises under the Constitution and laws of the United States.

3. Venue is proper in that Petitioner's place of business is located in the Central District of Illinois.

### Parties

4. **Tony Manuele, Jr.**, d/b/a Tony's Sporting Goods, hereinafter referred to as "Tony's", is a retailer in the business of, among others, selling firearms.

5. Because there currently exists a vacancy in the directorship of the said field division, the proper designation of the Respondent is "**Acting Director of Industry Operations**, hereinafter referred to as "Acting Director", of the Bureau of Alcohol, Tobacco, Firearms and Explosives, hereinafter referred to as the "Bureau".

### Chronology

6. Prior to 1996, Petitioner had been a licensed dealer in firearms other than destructive devices for approximately 4 years.

7. During the period of approximately 4 years prior to 1996, Petitioner had kept the records required of him by the Bureau to record the various transactions of firearms sales.

8. During such period of time, Petitioner was never audited by any representative of the Bureau nor given any direction of how to keep records in any specific manner.

9. During such period of time, Petitioner was requested to provide "traces" of specific firearms by said Bureau and did provide such information in a timely fashion on every occasion to the satisfaction of the Bureau.

10. On or about February 1, 2006, a representative from the Bureau commenced an investigation of Petitioner's records to determine compliance with the required reporting.

11. During such investigation, Petitioner cooperated fully with such investigation subject only to his temporary medical problems.

12. As a consequence of such investigation, a Notice of Revocation was sent to Petitioner on or about July 26, 2006, for license # **3-37-167-01-6D-33941** (emphasis added) notifying him that said license was revoked.

13. Petitioner timely requested a hearing pursuant to 18 U.S.C. Sec. 923(f)(2).

14. Such hearing was held on January 30, 2007.

15. On or before March 1, 2007, Petitioner received from the Bureau an application for renewal of his license which Petitioner completed and returned to the Bureau for processing.

16. On or about April 1, 2007, Petitioner received his renewed license # **3-37-167-01-9D-33941** (emphasis added) from the Bureau effective through April 1, 2009, a copy of which is attached hereto.

17. On or about April 23, 2007, Petitioner received the Final Notice of Denial of Application or Revocation of Firearms License for License #**3-37-167-01-6D-33941** (emphasis added), hereinafter referred to as "Final Notice" from Richard C. Alexander, the then acting Director of Industry Operations for the Chicago Field Division of the Bureau.

## Statutory Provisions

Title 18 U.S.C. Sec. 923(g)(1)(A)
Title 27 C.F.R. Sec. 478.125(e)
Title 18 U.S.C. Sec. 923(g)(3)
Title 27 C.F.R. Sec. 478.126
Title 27 C.F.R. Sec. 478.124(b)
Title 18 U.S.C. Sec. 923(e)

Count I
(Count I of Notice - Failure to Maintain Records)

1-17. Petitioner repeats and realleges the allegations contained in paragraph 1 through 17 above as and for the allegations contained in paragraphs 1 through 17 of this Count I.

18. In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of 18 U.S.C. Sec. 923(g)(1)(A) and Title 27 C.F.R. Sec. 478.125(e) in that over more than an eight year period Tony's failed to properly maintain an acquisition and disposition record in one columnar book as suggested by the regulations, specifically Exhibit "A" showed the acquisitions of firearms only in one book and Exhibit "B" showed the disposition of firearms only in another.

19. There was no allegation by the Bureau that there were any missing firearms, just that the format used by Tony's did not comply with that format suggested in said Sec. 478.125(e).

20. Nowhere in said Section is it required that a licensed dealer use a single book with the required column headings but only that such headings be in bound books, whether one or more. In fact, the first sentence of said Section mandates that ... each licensed dealer shall enter into <u>a</u> record each receipt and disposition of firearms...(emphasis added).

21. Only for the convenience of the Bureau inspectors is a single book with the columnar headings suggested.

22. Once Tony's was inspected, the directive was made that, in the future, the use of a single book for all entries with all the required column headings was necessary.

23. Upon receiving this directive, Tony's began using a single bound book as well as a corresponding computer program to record the acquisition and disposition of all firearms.

24. Tony's complied not only with the spirit of the law but the letter thereof as well.

25. Tony's did not willfully violate the provisions of 18 U.S.C. Sec. 923(g)(1)(A) nor 27 C.F.R. Sec. 478.125(e) in that
   a) no single book was required for the information necessary to be kept, and
   b) if the use of multiple books for the necessary information was in violation of the law, such use was a technical record-keeping error, was not a willful violation as that term is defined and was not done in purposeful disregard or with plain indifference to the reporting obligations of a dealer, and
   c) such belief by Tony's that multiple books met the standard of said Section is supported by the fact that for that eight year period, Tony's made the same type of entries consistently believing such to meet the reporting requirement.

Count II
(Count II of Notice - Failure to Maintain Records)

1-17. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 17 above as and for the allegations contained in paragraphs 1 through 17 of this Count II.

18-25. Petitioner repeats and realleges the allegations contained in paragraphs 18 through

25 of Count I as and for the allegations contained in paragraph 18 through 25 of this Count II.

## Count III
(Count V of Notice - Failure To Report Multiple Sales)

1-17. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 17 above as and for the allegations contained in paragraphs 1 through 17 of this Count III.

18. In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of Title 18 U.S.C. Sec. 923(g)(3) and Title 27 C.F.R. Sec. 478.126a in that over more than an eight year period Tony's failed to properly report multiple sales of firearms, specifically completing Form 3310.4 on each such sale.

19. Prior to the aforesaid inspection by the representative of the Bureau, Tony's had kept the originals of the reports of multiple sales in a separate folders/binders.

20. Just prior to the inspection by the representative of the Bureau, Tony's business changed physical locations from 2001 N. Dirksen Parkway, Springfield, Illinois, to 7922 Wildlife Road, Chatham, Illinois.

21. During said move, the folders/binders holding the originals of the reports of the multiple sales became loose and difficult to determine in what order such reports were.

22. Further, during the said investigation by the representative of the Bureau, she took many of said reports of multiple sales off Tony's business premises in violation of Title 27 C.F.R. Sec.478.129-Record Retention.

23. Tony's did not willfully violate the provisions of Title 18 U.S.C. Sec. 923(g)(3) and Title 27 C.F.R. 478.126a in that
   a) just prior to the inspection, the reports of the multiple sales were all in folders/binders, and
   b) the alleged failure to retain the reports of multiple sales was due in part to the fact that the inspector failed to discover all of said reports, and
   c) such failure was due at least in part to the actions of the representative of the Bureau.

24. If it is determined that certain errors do arise in such reports of multiple sales, such errors were inadvertent and technical record-keeping ones, not willful violations as that term is defined and was not done in purposeful disregard or with plain indifference to the reporting obligations of a dealer.

## Count IV
(Count VI of Notice - Failure to Maintain Records)

1-17. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 17 above as and for the allegations contained in paragraphs 1 through 17 of this Count IV.

18. In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of Title 18 U.S.C. Sec. 923(g)(1)(a) and Title 27 C.F.R. Sec. 478.124(b) in that over more than an eight year period Tony's failed to properly complete Form 4473 by
    a) on 1 occasions, omitting the information on line 11 B and C,
    b) on 2 occasions, omitting the information on line 12 A,
    c) on 7 occasions, omitting the information on line 12 L, and
    d) on 1 occasions, omitting the information on line 12 E and L.

19. Prior to the aforesaid inspection by the representative of the Bureau, Tony's had kept the originals of the Form 4473 in binders in chronological order.

20. Just prior to the inspection by the representative of the Bureau, Tony's business changed physical locations from 2001 N. Dirksen Parkway, Springfield, Illinois, to 7922 Wildlife Road, Chatham, Illinois.

21. During said move, the binders holding the originals of the Form 4473 became loose and, while all such forms were retained, they no longer were in chronological order through no fault of Petitioner.

22. Further, during the said investigation by the representative of the Bureau, she took many of the Forms 4473 off Tony's business premises in violation of Title 27 C.F.R. Sec. 478.129 - Record Retention.

23. Tony's did not willfully violate the provisions of Title 18 U.S.C. Sec. 923(g)(1)(a) and Title 27 C.F.R. Sec. 478.124(b) in that
    a) just prior to the inspection, said Forms 4473 were in chronological order,
    b) the alleged failure of the lack of chronological order of the Forms 4473 were due to problems with the move, and
    c) such failure was due in at least part to the actions of the representative of the Bureau.

Respectfully submitted,
**Tony Manuele, Jr.**, d/b/a Tony's Sporting Goods

By:____/s/ Michael J. Logan_____
Michael J. Logan
837 S. Fourth Street
Springfield, IL 62703
217-522-8880
217-522-8887 Facsimile

## PROOF OF SERVICE

The undersigned, being duly sworn on oath, states that he served the pleadings herein by placing a copy of same in a U.S. Post Office mailbox, postage prepaid, in a sealed envelope on June 22, 2007, addressed to the following:

Acting Director of Industry Operations
Chicago Field Division, Bureau of Alcohol,
   Tobacco, Firearms & Explosives
525 W. VanBuren Street, Ste. 600
Chicago, IL 60187

                                               /s/Michael J. Logan
                                                Michael J. Logan
                                                One of his attorneys

Michael J. Logan
Michael J. Logan, Ltd.
837 S. Fourth Street
Springfield, IL 62703
Tel: 217-522-8880
Fax: 217-522-8887