IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONY MANUELE, JR., d/b/a<br>TONY'S SPORTING GOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-3163 |
| | ) | |
| ACTING DIRECTOR OF INDUSTRY<br>OPERATIONS, BUREAU OF ALCOHOL<br>TOBACCO, FIREARMS and<br>EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER

Defendant, the Acting Director of Industry Operations, Chicago Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), answers the paragraphs of the Petition for Judicial Review (Doc. 1) as follows:

**Petition:**

1.  This is a Petition for de novo judicial review of the revocation of a license as a dealer in firearms other than destructive devices, brought pursuant to 18 U.S.C. Sec. 923(f)(3).

**Answer:**

1.  Admit.  18 U.S.C. § 923(e) authorizes ATF, after notice and opportunity for hearing, to revoke a license for willful violation of any statute, rule or regulation under 18 U.S.C. §§ 921-930.  18 U.S.C. § 923(f)(3) authorizes the holder of the revoked license to file a petition in United States District Court "for a de novo judicial review of such...revocation."

As indicated in the Final Notice (Gov. Ex. A, attached to this Answer, quoted within this Answer, and incorporated by reference), petitioner's license as a dealer in firearms was revoked

in April, 2007, on grounds that he was shown to have willfully violated the law and regulations by (1) failing to properly record the disposition of 611 firearms; (2) failing to properly record the acquisition of 502 firearms; (3) failing to report 40 instances of sales of multiple firearms to specific purchasers in a limited period; and (4) failing to keep records in appropriate order.

**Petition:**

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States.

3.  Venue is proper in that Petitioner's place of business is located in the Central District of Illinois....

4.  Tony Manuele, Jr., d/b/a Tony's Sporting Goods, hereinafter referred to as "Tony's," is a retailer in the business of, among others, selling firearms.

5.  Because there currently exists a vacancy in the directorship of the said field division, the proper designation of the Respondent is "Acting Director of Industry Operations, hereinafter referred to as "Acting Director," of the Bureau of Alcohol, Tobacco, Firearms and Explosives, hereinafter referred to as the "Bureau"....

**Answer:**

2-5.  Admit.

**Petition:**

6.  Prior to 1996, Petitioner had been a licensed dealer in firearms other than destructive devices for approximately 4 years.

7.  During the period of approximately 4 years prior to 1996, Petitioner had kept the records required of him by the Bureau to record the various transactions of firearms sales.

2

**Answer:**

6-7.  Deny, for lack of information.  Defendant believes that petitioner was using an unauthorized record-keeping system before 1996.

**Petition:**

8.  During such period of time, Petitioner was never audited by any representative of the Bureau nor given any direction of how to keep records in any specific manner.

**Answer:**

8.  Admit that petitioner was not inspected in 1993-1996; deny that petitioner was not given any direction, since he had access to ATF instructions, rules and regulations.

**Petition:**

9.  During such period of time, Petitioner was requested to provide "traces" of specific firearms by said Bureau and did provide such information in a timely fashion on every occasion to the satisfaction of the Bureau.

**Answer:**

9.  Deny, for lack of information.

**Petition:**

10.  On or about February 1, 2006, a representative from the Bureau commenced an investigation of Petitioner's records to determine compliance with the required reporting.

**Answer:**

10.  Deny.  The ATF inspection began in October, 2005.  ATF discovered that petitioner had moved his firearms business to his residence.  ATF contacted petitioner and allowed him to

obtain zoning for his firearms business.  ATF began its on-site inspection in January, 2006.

Thus, petitioner had three or more months to get his records in order, but was unable to do so.

**Petition:**

11.  During such investigation, Petitioner cooperated fully with such investigation subject only to his temporary medical problems.

**Answer:**

11.  Admit that petitioner cooperated with the inspection; deny that his records met the standards for an inspection.

**Petition:**

12.  As a consequence of such investigation, a Notice of Revocation was sent to Petitioner on or about July 2, 2006, for license # 3-37-167-01-<u>6D</u>-33941 (emphasis added) notifying him that said license was revoked.

13.  Petitioner timely requested a hearing pursuant to 18 U.S.C. Sec. 923(f)(2).

14.  Such hearing was held on January 30, 2007.

**Answer:**

12-14.  Admit.

**Petition:**

15.  On or before March 1, 2007, Petitioner received from the Bureau an application for renewal of his license which Petitioner completed and returned to the Bureau for processing.

16.  On or about April 1, 2007, Petitioner received his renewed license # 3-37-167-01-<u>9D</u>-33941 emphasis added) from the Bureau effective through April 1, 2009, a copy of which is attached hereto.

4

**Answer:**

15-16.  Admit that ATF renewed petitioner's license, since that license came up for renewal in 2006 at a time before it had been finally revoked; defendant believes that the application and renewal were in 2006, that the number within "6D" and "9D" in the license indicates the year (2006 and 2009) of expiration, and that this petitioner's license, 3-37-167-01-9D-33941, would have been effective until 2009, but for the fact that it was properly revoked in 2007. <u>See</u>, Gov. Ex. A.

**Petition:**

17.  On or about April 23, 2007, Petitioner received the Final Notice of Denial of Application or Revocation of Firearms License for License #3-37-167-01-<u>6D</u>-33941 (emphasis added), hereinafter referred to as "Final Notice" from Richard C. Alexander, the then acting Director of Industry Operations for the Chicago Field Division of the Bureau.

**Answer:**

17.  Deny that Mr. Alexander was Acting Director, since he was Director at that time; admit the remaining allegations of this paragraph.

<u>**Count I**</u>

**Petition:**

18.  In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of 18 U.S.C. Sec. 923(g)(1)(A) and Title 27 C.F.R. Sec. 478.125(e) in that over more than an eight year period Tony's failed to properly maintain an acquisition and disposition record in one columnar book as suggested by the regulations, specifically Exhibit

"A" showed the acquisitions of firearms only in one book and Exhibit "B" showed the disposition of firearms only in another.

19.  There was no allegation by the Bureau that there were any missing firearms, just that the format used by Tony's did not comply with that format suggested in said Sec. 478.125(e).

20.  Nowhere in said Section is it required that a licensed dealer use a single book with the required column headings but only that such headings be in bound books, whether one or more.  In fact, the first sentence of said Section mandates that...each licensed dealer shall enter into a record each receipt and disposition of firearms...(emphasis added).

21.  Only for the convenience of the Bureau inspectors is a single book with the columnar headings suggested.

22.  Once Tony's was inspected, the directive was made that, in the future, the use of a single book for all entries with all the required column headings was necessary.

23.  Upon receiving this directive, Tony's began using a single bound book as well as a corresponding computer program to record the acquisition and disposition of all firearms.

24.  Tony's complied not only with the spirit of the law but the letter thereof as well.

25.  Tony's did not willfully violate the provisions of 18 U.S.C. Sec 923(g)(1)(A) not 27 C.F.R. Sec 478.125(e) in that

a) no single book was required for the information necessary to be kept, and

b) if the use if multiple books for the necessary information was in violation of the law, such use was a technical record-keeping error, was not a willful violation as that term is defined and was not done in purposeful disregard or with plain indifference to the reporting obligations of a dealer, and

6

c) such belief by Tony's that multiple books met the standard of said Section is supported by the fact that for that eight year period, Tony's made the same type of entries consistently believing such to meet the reporting requirements.

**Answer:**

18-25.  Deny.  The Final Notice and regulations should be incorporated by reference, and should speak for themselves.  The Final Notice (Gov. Ex. A, pp. 33-37) states as follows:

I.     Background

Tony Manuel Jr. (Licensee) holds a Federal firearms license (FFL) as a dealer in firearms other than destructive devices.  As a result of the Licensee's willful violations of the Gun Control Act which were discovered during at 2006 inspection, the Director of Industry Operations of the Chicago Field Division issued a Notice of Revocation of License (ATF Form 4500) to Licensee.  This Notice is dated July 26, 2006 and was delivered via certified mail.  Licensee requested a hearing in accordance with Title 18, United States Code, Section 923(f).  A Notice of Hearing advised Licensee of the date, time and place of the hearing, as well as of the appointment of Gary Schuster as Hearing Officer.

The hearing was held on January 30, 2007, at the ATF Springfield Field Office, 3161 West White Oaks Drive, Suite 200, Springfield, Illinois.  Attorney Erika Ritt, Office of the Assistant Chief Counsel, Chicago, represented the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).  Present for the Government as a witness was ATF Industry Operations Investigator (IOI) Theresa Bolash.  The Licensee was represented by Attorney Michael Logan.  Tony Manuel Jr., owner and sole responsible party, testified on behalf of the Licensee.  Gary Schuster served as Hearing Officer for the proceedings.  ATF IOI Tamra Sanders observed the proceeding.

The tape recordings of the hearing and the exhibits introduced at the hearing constitute the record of this proceeding.

The tape recordings of the hearing and the exhibits introduced at the hearing constitute the record of this proceeding.

II.    Findings

A.    From on or about September 26, 1997 to on or about January 8, 2006, Licensee willfully failed to properly maintain an acquisition and disposition record for 611 firearms in that Licensee failed to record the disposition of these firearms as required by the regulations.  Of the 611 firearms, 312 are evidenced by Exhibit F[1] and remaining 299 are evidenced by Licensee's acquisition and disposition book as open entries for all firearms acquired in years 2001, 2003 and 2004 (Exhibit G).  This is in violation of Title 18, United States Code, Section 923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.125(e).

1.    For the above referenced 611 firearms, there were acquisition records but no recorded dispositions.

2.    Exhibit E is a record of all firearms in the Licensee's inventory as of the January, 2006 inspection of Licensee's inventory; none of the above referenced 611 firearms were discovered to be in inventory, and thus they were not recorded in Exhibit E.

3.    The reason for differentiating between the firearms listed on Exhibit F and those on Exhibit G is that those in Exhibit F were scattered throughout several years of disposition; whereas, those identified by Exhibit G evidence the fact that Licensee failed to record even a single disposition for the years of 2001, 2003 and 2004.

4.    As to the proof of willfulness, the need to record disposition entries is very basic to a firearms business. Licensee demonstrated his awareness of the requirement through the fact that he successfully recorded dispositions on many other occasions.  Furthermore, Licensee admitted during his testimony that he was generally aware that laws and regulations governed the dealing of firearms and that he could contact ATF (and did not) at anytime he had a questions.  Most importantly, Licensee admitted that he knew of the specific legal requirement to record firearm dispositions.

---

[1]All exhibit references are to those introduced during the hearing.

8

5.      Licensee, while conceding that he had actual knowledge of the requirement to record dispositions, attempted to excuse the 611 missing disposition entries by stating that he had not been inspected since receiving his license in 1991.  As such, he argued that he did not realize that the regulations required him to maintain a record of the disposition of a firearm on the same line as the acquisition information in his Acquisition and Disposition ("A&D") Book.  Notably, he was not cited for failing to maintain a single acquisition and disposition line; rather he was cited for the failure to record the disposition anywhere in his records.

B.     From on or about February 3, 1997 to on or about January 10, 2006, Licensee willfully failed to properly maintain an acquisition and disposition record in that Licensee failed to timely enter 502 acquisitions, as required by the regulations.  This is in violation of Title 18, United States Code, Section 923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.125(e).

1.      According to Exhibit I, 486 firearms were recorded as dispositions in Licensee's A&D Book despite the fact there was no corresponding acquisition entry in the A&D Book (Exhibit G).

2.      An additional sixteen firearms were found in inventory at the time of inspection (Exhibit E), although there was no corresponding acquisition entry in the A&D Book (Exhibit G).

3.      As to the proof of willfulness, the need to record acquisition entries is very basic to a firearms business. Licensee demonstrated his awareness of the requirement through the fact that he successfully recorded acquisitions on many other occasions.  Furthermore and most importantly, Licensee admitted during his testimony that he knew of the specific legal requirement to record acquisitions.

4.      Licensee's only defense to this violation was that he was "doing the best he could."  He did not argue that he was unaware of the requirement, nor did he explain what might have prevented him from complying with this known legal obligation.

9

C.    From January, 2003 to January, 2006, Licensee willfully failed to report to ATF on Forms 3310.4 (Report of Multiple Sale or Other Dispositions of Pistols and Revolvers) instances of the sale or other disposition of two or more pistols or revolvers (or any combination of the pistols and revolvers totaling two or more) to non-licensees during any five (5) consecutive business days; specifically, Licensee failed to report to ATF the multiple sales of pistols and revolvers specified in the 40 instances involving 91 firearms as referenced in Exhibit B (Notice of Revocation of License). This is in violation of Title 18, United States Code, Section 923(g)(3) and Title 27, Code of Federal Regulations, Section 478.126a.

1.    A review of Licensee's ATF Forms 4473 (Exhibit J) and licensee's Trace History (Exhibit K) revealed that Licensee failed to report the sales of multiple handguns on 40 occasions.

2.    As to the proof of willfulness, Licensee demonstrated his awareness of this requirement through the fact that he successfully reported multiple sales from 1999-2003 on at least eighteen occasions. He abruptly stopped making the required reports in 2003. Furthermore, Licensee admitted to IOI Bolash during the inspection that he knew of the specific legal requirement to report multiple sale transactions.

3.    Licensee attempted to defend against this violation by stating that ATF may not have received some of the multiple sale forms despite him having forwarded the forms to them. however, he offered no evidence to support his claim. He also suggested that he may have some completed multiple sale forms at his home, although he did not explain why those, if they existed at all, were not provided to IOI Bolash when she made such a request during her inspection. Licensee conceded that some forms may not have been sent into ATF for "whatever reason."

D.    From the period of January, 2003 to January 2006, Licensee willfully failed to properly maintain ATF Forms 4473 (Firearm Transaction Record) by not maintaining the forms in alphabetical, chronological or numerical order as required by the regulation. This is in violation of Title 18, United States Code, Section

923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.124(b).

1. At the time of inspection, Licensee was not maintaining his ATF Forms 4473 in any order; rather, they were in a pile of unorganized papers.

2. According to IOI Bolash, Licensee admitted during the inspection that he "use to keep" his records in chronological order in a binder, but the records would "fall out" and he "got behind" in his filing.

3. As to the proof of willfulness, Licensee demonstrated his awareness of the requirement through the fact that he admitted to IOI Bolash during the inspection that he knew of the requirement to maintain ordered records, particularly ATF Forms 4473.

4. Licensee offered no defense to this violation.

III. Conclusions

A. I conclude that the record in this case demonstrates that Licensee is familiar with the requirements imposed upon Federal firearms licensees.

B. I further conclude that the record demonstrates that the Licensee has been plainly indifferent to and in many instances has acted in purposeful disregard to these requirements.

C. Where a Federal firearms licensee knows its legal obligations and purposefully disregards or is plainly indifferent to these obligations, such violations are committed willfully. There is no requirement of bad purpose as might be imposed for purposes of criminal prosecution. Cucchiara v. Secretary of Treasury, 652 F.2d 28 (9th Cir. 1981), *cert. denied* 455 U.S. 948 (1982); Stein's Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir. 1980); Cisewski v. Department of the Treasury, 773 F.Supp. 148 (E.D.Wis. 1991). Accordingly, I conclude that Licensee willfully violated provisions of Chapter 44, Title 18, United States Code, and the regulations issued there under.

D. Finally, I conclude that the record in this case demonstrates that Licensee did willfully commit each of the acts outlined in Counts

11

1, 2, 5, and 6 of the Notice of Revocation, and that each of these acts was committed willfully.  These violations demonstrate knowledge and purposeful disregard on the part of the Licensee, and they establish plain indifference to the legal requirements.  I do not find Counts 3, 4, 7 and 8 to be willful violations; consequently, this Final Notice is not issued in regards to those counts.

IV.    Decision

Based on the record before me, it is my decision that Tony Manuel Jr.'s license as a dealer in firearms other than destructive devices is revoked under the authority if Title 18, United States Code, Section 923(e).

Dated:_____4/9/07_____

/s/ Richard C. Alexander
_____
Richard C. Alexander
Director of Industry Operations
Chicago Field Division
Bureau of Alcohol, Tobacco and Firearms

**Count II**

**Petition:**

1-17.  Petitioner repeats and realleges the allegations contained in paragraphs 1 through 17 above as and for the allegations contained in paragraphs 1 through 17 of this Count II.

18-25.  Petitioner repeats and realleges the allegations contained in paragraphs 18 through 25.

**Answer:**

1-25.  Defendant repeats its answer to these allegations.

## **Count III**

**Petition:**

18.  In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of Title 18 U.S.C. Sec. 923(g)(3) and Title 27 C.F.R. Sec. 478.126a in that over more than an eight year period Tony's failed to properly report multiple sales of firearms, specifically completing Form 3310.4 on each such sale.

19.  Prior to the aforesaid inspection by the representative of the Bureau, Tony's had kept the originals of the reports of multiple sales in a separate folders/binders.

20.  Just prior to the inspection by the representative of the Bureau, Tony's business changed physical locations from 2001 N. Dirksen Parkway, Springfield, Illinois, to 7922 Wildlife Road, Chatham, Illinois.

21.  During said move, the folders/binders holding the originals of the reports of the multiple sales became loose and difficult to determine in what order such reports were.

22.  Further, during the said investigation by the representative of the Bureau, she took many of said reports of multiple sales off Tony's business premises in violation of Title 27 C.F.R. Sec. 478.129-Record Retention.

23.  Tony's did not willfully violation the provisions of Title 18 U.S.C. Sec. 923(g)(3) and Title 27 C.F.R. 478.126a in that

a) just prior to the inspection, the reports of the multiple sales were all in folders/binders, and

b) the alleged failure to retain the reports of multiple sales was due in part to the fact that the inspector failed to discover all of said reports, and

13

c) such failure was due at least in part to the actions of the representative of the Bureau.

24.  If it is determined that certain errors do arise in such reports of multiple sales, such errors were inadvertent and technical record-keeping ones, not willful violations as that term is defined and was not done in purposeful disregard or with plain indifference to the reporting obligations of a dealer.

**Answer:**

18-24.  Deny the allegations, to the extent that they are contradicted by evidence in the hearing record and by findings and conclusions in the Final Notice.  Furthermore, petitioner had sufficient time to get his records in order and keep them in order, if he had chosen to do so.  Finally, any records that ATF removed were with petitioner's consent, with a receipt, and were returned after the inspector's review.

### Count IV

**Petition:**

18.  In the Final Notice, the then Director of Industry Operations found Tony's willfully violated the provisions of Title 18 U.S.C. Sec. 923(g)(1)(a) and Title 27 C.F.R. Sec. 478.124(b) in that over more than an eight year period Tony's failed to properly complete Form 4473 by

a) on 1 occasions, omitting the information on line 11 B and C,

b) on 2 occasions, omitting the information on line 12 A,

c) on 7 occasions, omitting the information on line 12 L, and

d) on 1 occasions, omitting the information on line 12 E and L.

19.  Prior to the aforesaid inspection by the representative of the Bureau, Tony's had kept the originals of the Form 4473 in binders in chronological order.

20.  Just prior to the inspection by the representative of the Bureau, Tony's business changed physical locations from 2001 N. Dirksen Parkway, Springfield, Illinois, to 7922 Wildlife Road, Chatham, Illinois.

21.  During said move, the binders holding the originals of the Form 4473 became loose and, while all such forms were retained, they no longer were in chronological order through no fault of Petitioner.

22.  Further, during the said investigation by the representative of the Bureau, she took many of the Forms 4473 off Tony's business premises in violation of Title 27 C.F.R. Sec. 478.129 - Record Retention.

23.  Tony's did not willfully violate the provisions of Title 18 U.S.C. Sec 923(g)(1)(a) and Title 27 C.F.R. Sec. 478.124(b) in that

a) just prior to the inspection, said Forms 4473 were in chronological order,

b) the alleged failure of the lack of chronological order of the Forms 4473 were due to problems with the move, and

c) such failure was due in at least part to the actions of the representative of the Bureau.

**Answer:**

18-23.  Deny the allegations, to the extent that they are contradicted by evidence in the hearing record and by findings and conclusions in the Final Notice.  Furthermore, petitioner had sufficient time to get his records in order and keep them in order, if he had chosen to do so.

15

Finally, any records ATF removed were with petitioner's consent, with a receipt, and were returned after the inspector's review.

### **Affirmative Defenses**

1.  Petitioner failed to obtain sufficient process and failed to serve process as required by Fed.R.Civ.P. 4(i), therefore petitioner failed to establish jurisdiction over the United States, its agencies and its officers.

2.  Petitioner failed to state a claim upon which relief can be granted.

WHEREFORE, defendant prays that this Court will dismiss this claim, with prejudice, and with such further relief as may be appropriate.

Respectfully submitted,
RODGER A. HEATON
United States Attorney

s/ James A. Lewis

By:  _____

James A. Lewis, NC Bar No. 5470
Attorney for Defendant
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217-492-4450
Fax: 217-492-4888
email: jim.lewis2@usdoj.gov

16

## <u>CERTIFICATE OF SERVICE</u>

The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

Michael J. Logan
837 South Fourth Street
Springfield, IL 62703

October 16, 2007

Date:_____

s/ James A. Lewis

_____

James A. Lewis

**E-FILED**
Tuesday, 16 October, 2007  01:33:52 PM
Clerk, U.S. District Court, ILCD

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application or
Revocation of Firearms License**

In the matter of:

☐ The application for license as _____ , filed by; or

☑ License Number ▓▓▓▓▓▓▓▓▓▓ , as    Tony Manuel Jr.

_____ , issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*

Tony Manuele Jr.
d/b/a Tony's Sporting Goods
7922 Wildlife Road
Chatham, IL 62629

**GOVERNMENT
EXHIBIT
A**

Notice Is Hereby Given That:

☑ (1) After due consideration following a hearing held pursuant to section 923(f)(2) of Title 18, U.S.C., and on the basis of findings set out in the attached copy of the findings and conclusions, your

  ☐ application for license described above is denied.

  ☑ license described above is revoked, effective   April 13, 2007                .

If you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant to section 923(f)(3) of Title 18, U.S.C., for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business.

☐ (2) Since a request for hearing pursuant to section 923(f)(2) of Title 18, U.S.C., was not received, or was not timely received, and based on the findings set out in the attached copy of findings and conclusions, your license described above is revoked effective _____ .

☐ (3) Records prescribed under 27 CFR Part 478 for the license described above shall be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 27 CFR 478.127.

| Date | Signature and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official |
|---|---|
| APR **0 9** 2007 | ▓▓▓▓▓▓▓▓▓▓  *Director Industry Operations* |

I certify that, on the date below, I served the above notice on the person identified below by

  ☐ Delivering a copy of the notice to the address shown below.

  ☑ Certified mail to the address shown below.

| Date Notice Served | Name of Person Served *(Please state if served on partner or officer of corporation)* |
|---|---|
| 4. 9. 2007 | TONY MANUELE, JR. |

Address Where Notice Served

7922 WILDLIFE ROAD  CHATHAM, ILLINOIS  62629

| Date | Signature of Person Serving Notice | Title |
|---|---|---|
| 4. 9. 2007 | ▓▓▓▓▓▓▓▓▓▓ | SP. OF. OFFICER |

Note:  Previous Edition Is Obsolete

ATF Form 5300.13
Revised  July 2005

000022

## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
## CHICAGO FIELD DIVISION

| | |
|---|---|
| In the matter of the Revocation of License )<br>Under Chapter 44, )<br>Title 18, United States Code )<br> )<br>Licensee : )<br>Tony Manuele Jr. )<br>d/b/a Tony's Sporting Goods )<br>7922 Wildlife Road )<br>Chatham, IL 62629 )<br>FFL # ███████████████ ) | **FINAL NOTICE** |

### I.     Background

Tony Manuel Jr. (Licensee) holds a Federal firearms license (FFL) as a dealer in firearms other than destructive devices. As a result of the Licensee's willful violations of the Gun Control Act which were discovered during a 2006 inspection, the Director of Industry Operations of the Chicago Field Division issued a Notice of Revocation of License (ATF Form 4500) to Licensee. This Notice is dated July 26, 2006 and was delivered via certified mail. Licensee requested a hearing in accordance with Title 18, United States Code, Section 923(f). A Notice of Hearing was issued via certified mail and received by Licensee. The Notice of Hearing advised Licensee of the date, time and place of the hearing, as well as of the appointment of Gary Schuster as Hearing Officer.

The hearing was held on January 30, 2007, at the ATF Springfield Field Office, 3161 West White Oaks Drive, Suite 200, Springfield, Illinois. Attorney Erika Ritt, Office of the Assistant Chief Counsel, Chicago, represented the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Present for the Government as a witness was ATF Industry Operations Investigator (IOI) Theresa Bolash. The Licensee was represented by Attorney Michael Logan. Tony Manuel Jr., owner and sole responsible party, testified on behalf of the Licensee. Gary Schuster served as Hearing Officer for the proceedings. ATF IOI Tamra Sanders observed the proceeding.

The tape recordings of the hearing and the exhibits introduced at the hearing constitute the record of this proceeding.

### II.     Findings

A. From on or about September 26, 1997 to on or about January 8, 2006, Licensee willfully failed to properly maintain an acquisition and disposition record for 611 firearms in that Licensee failed to record the

disposition of these firearms as required by the regulations.  Of the 611 firearms, 312 are evidenced by Exhibit F[1] and remaining 299 are evidenced by Licensee's acquisition and disposition book as open entries for all firearms acquired in years 2001, 2003 and 2004 (Exhibit G).  This is in violation of Title 18, United States Code, Section 923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.125(e).

1. For the above referenced 611 firearms, there were acquisition records but no recorded dispositions.
2. Exhibit E is a record of all firearms in the Licensee's Inventory as of the January, 2006 inspection of Licensee's inventory; none of the above referenced 611 firearms were discovered to be in inventory, and thus they were not recorded in Exhibit E.
3. The reason for differentiating between the firearms listed on Exhibit F and those on Exhibit G is that those in Exhibit F were scattered throughout several years of disposition; whereas, those identified by Exhibit G evidence the fact that Licensee failed to record even a single disposition for the years of 2001, 2003 and 2004.
4. As to the proof of willfulness, the need to record disposition entries is very basic to a firearms business. Licensee demonstrated his awareness of the requirement through the fact that he successfully recorded dispositions on many other occasions.  Furthermore, Licensee admitted during his testimony that he was generally aware that laws and regulations governed the dealing of firearms and that he could contact ATF (and did) at anytime he had a questions. Most importantly, Licensee admitted that he knew of the specific legal requirement to record firearm dispositions.
5. Licensee, while conceding that he had actual knowledge of the requirement to record dispositions, attempted to excuse the 611 missing disposition entries by stating that he had not been inspected since receiving his license in 1991.  As such, he argued that he did not realize that the regulations required him to maintain a record of the disposition of a firearm on the same line as the acquisition information In his  Acquisition and Disposition ("A&D") Book.  Notably, he was not cited for failing to maintain a single acquisition and disposition line; rather he was cited for the failure to record the disposition anywhere in his records.

---

[1] All exhibit references are to those introduced during the hearing.

ATF Form 4501

000034

B. From on or about February 3, 1997 to on or about January 10, 2006, Licensee willfully failed to properly maintain an acquisition and disposition record in that Licensee failed to timely enter 502 acquisitions, as required by the regulations.  This is in violation of Title 18, United States Code, Section 923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.125(e).

    1. According to Exhibit I, 486 firearms were recorded as dispositions in Licensee's A&D Book despite the fact there was no corresponding acquisition entry in the A&D Book (Exhibit G).

    2. An additional sixteen firearms were found in inventory at the time of inspection (Exhibit E), although there was no corresponding acquisition entry in the A&D Book (Exhibit G).

    3. As to the proof of willfulness, the need to record acquisition entries is very basic to a firearms business. Licensee demonstrated his awareness of the requirement through the fact that he successfully recorded acquisitions on many other occasions. Furthermore and most importantly, Licensee admitted during his testimony that he knew of the specific legal requirement to record acquisitions.

    4. Licensee's only defense to this violation was that he was "doing the best he could."  He did not argue that he was unaware of the requirement, nor did he explain what might have prevented him from complying with this known legal obligation.

C. From January, 2003 to January, 2006, Licensee willfully failed to report to ATF on Forms 3310.4 (Report of Multiple Sale or Other Dispositions of Pistols and Revolvers) instances of the sale or other disposition of two or more pistols or revolvers (or any combination of the pistols and revolvers totaling two or more) to non-licensees during any five (5) consecutive business days; specifically, Licensee failed to report to ATF the multiple sales of pistols and revolvers specified in the 40 instances involving 91 firearms as referenced in Exhibit B (Notice of Revocation of License). This is in violation of Title 18, United States Code, Section 923(g)(3) and Title 27, Code of Federal Regulations, Section 478.126a.

    1. A review of Licensee's ATF Forms 4473 (Exhibit J) and licensee's Trace History (Exhibit K) revealed that Licensee failed to report the sales of multiple handguns on 40 occaisions.

    2. As to the proof of willfulness, Licensee demonstrated his awareness of this requirement through the fact that he successfully reported multiple sales from 1999-2003 on at least eighteen occasions.  He abruptly stopped making the

ATF Form 4501

Page 3 of 5

000035

required reports in 2003. Furthermore, Licensee admitted to IOI Bolash during the inspection that he knew of the specific legal requirement to report multiple sale transactions.

3. Licensee attempted to defend against this violation by stating that ATF may not have received some of the multiple sale forms despite him having forwarded the forms to them. However, he offered no evidence to support this claim. He also suggested that he may have some completed multiple sale forms at his home, although he did not explain why those, if they existed at all, were not provided to IOI Bolash when she made such a request during her inspection. Licensee conceded that some forms may not have been sent into ATF for "whatever reason."

D. From the period of January, 2003 to January, 2006, Licensee willfully failed to properly maintain ATF Forms 4473 (Firearm Transaction Record) by not maintaining the forms in alphabetical, chronological or numerical order as required by the regulation. This is in violation of Title 18, United States Code, Section 923(g)(1)(a) and Title 27, Code of Federal Regulations, Section 478.124(b).

1. At the time of inspection, Licensee was not maintaining his ATF Forms 4473 in any order; rather, they were in a pile of unorganized papers.

2. According to IOI Bolash, Licensee admitted during the inspection that he "use to keep" his records in chronological order in a binder, but the records would "fall out" and he "got behind" in his filing.

3. As to the proof of willfulness, Licensee demonstrated his awareness of the requirement through the fact that he admitted to IOI Bolash during the inspection that he knew of the requirement to maintain ordered records, particularly ATF Forms 4473.

4. Licensee offered no defense to this violation.

## III.    Conclusions

A. I conclude that the record in this case demonstrates that Licensee is familiar with the requirements imposed upon Federal firearms licensees.

B. I further conclude that the record demonstrates that the Licensee has been plainly indifferent to and in many instances has acted in purposeful disregard to these requirements.

C. Where a Federal firearms licensee knows its legal obligations and purposefully disregards or is plainly indifferent to these obligations, such

violations are committed willfully. There is no requirement of bad purpose as might be imposed for purposes of criminal prosecution. <u>Cucchiara v. Secretary of Treasury</u>, 652 F.2d 28 (9th Cir. 1981), *cert. denied* 455 U.S. 948 (1982); <u>Stein's, Inc. v. Blumenthal</u>, 649 F.2d 463, 467 (7th Cir. 1980); <u>Cisewski v. Department of the Treasury</u>, 773 F.Supp. 148 (E.D. Wis. 1991). Accordingly, I conclude that Licensee willfully violated provisions of Chapter 44, Title 18, United States Code, and the regulations issued there under.

D. Finally, I conclude that the record in this case demonstrates that Licensee did willfully commit each of the acts outlined in Counts 1, 2, 5, and 6 of the Notice of Revocation, and that each of these acts was committed willfully. These violations demonstrate knowledge and purposeful disregard on the part of the Licensee, and they establish plain indifference to the legal requirements. I do not find Counts 3, 4, 7 and 8 to be willful violations; consequently, this Final Notice is not issued in regards to those counts.

## IV.    Decision

Based on the record before me, it is my decision that Tony Manuel Jr.'s license as a dealer in firearms other than destructive devices is revoked under the authority of Title 18, United States Code, Section 923(e).

Dated: 4/9/07

Richard C. Alexander
Director of Industry Operations
Chicago Field Division
Bureau of Alcohol, Tobacco and Firearms

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TONY MANUELE JR.
7922 WILDLIFE RD.
CHATHAM, IL
62629

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery
1/24/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered      ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7003 0500 0005 5808 4379

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1541

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Sent To   TONY MANUELE JR.
Street, Apt No.;   7922 WILDLIFE RD.
or PO Box No.
City, State, ZIP+4   CHATHAM, IL 62629

7003 0500 0005 5808 4379

PS Form 3800, June 2002

000038