E-FILED
Monday, 07 January, 2008  10:04:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY MANUELE, JR., d/b/a ) | |
| TONY'S SPORTING GOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-3163 |
| ) | |
| ACTING DIRECTOR OF INDUSTRY ) | |
| OPERATIONS, BUREAU OF ALCOHOL ) | |
| TOBACCO, FIREARMS and ) | |
| EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW,
<u>IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY</u>**

This is a claim that the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") violated the law when it decided to revoke plaintiff Manuele's license as a dealer in firearms. The revocation was considered at an administrative hearing, with exhibits and testimony. Then plaintiff Manuele filed for "de novo judicial review." 18 U.S.C. § 923(f)(3).

On November 20, 2007, defendant served rather basic discovery, asking rather basic questions: first, whether the administrative hearing exhibits contained an accurate inventory of 611 firearm transactions for which plaintiff Manuele failed to keep appropriate records; second, whether the administrative hearing exhibits contained an accurate inventory of 502 more firearms transactions for which plaintiff Manuele also failed to keep appropriate records; third, whether the administrative hearing record contained an accurate list of firearms transactions for which plaintiff Manuele failed to report multiple firearms transactions to a purchaser within a limited period; and fourth, whether plaintiff Manuele failed to maintain records in appropriate

order.

Plaintiff Manuele ignored this request for discovery. On December 26, 2007, and again in early January, 2008, defense counsel called plaintiff's counsel and left a clear message with a secretary that the response to discovery was overdue and that the defense would like to know when to expect it. Each time, the secretary indicated that plaintiff's counsel was unavailable and would return the call. So far, plaintiff's counsel has not returned either call, has not acknowledged that the response is overdue, and has not offered a prompt and certain date for the response.

Under these circumstances, the motion to compel discovery should be granted. Fed.R.Civ.P. 37(a)(2)(B). Plaintiff Manuele should be required to respond fully, not evasively, to the requests for discovery, and should be required to do so promptly. This would allow the defense to prepare for a well-focused deposition, without asking in detail about a thousand or more transactions, and would also allow for the completion of discovery within the time that that this Court has set.

                              Respectfully submitted,
                              RODGER A. HEATON
                              United States Attorney

                              s/ James A. Lewis
By:
                              James A. Lewis, NC Bar No. 5470
                              Attorney for Defendant
                              United States Attorney's Office
                              318 South Sixth Street
                              Springfield, IL 62701
                              Telephone: 217-492-4450
                              Fax: 217-492-4888
                              email: jim.lewis2@usdoj.gov

## CERTIFICATE OF SERVICE

    The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

                      Michael J. Logan
                      837 South Fourth Street
                      Springfield, IL 62703

| January 7, 2008 | s/ James A. Lewis |
|---|---|
| Date:_____ | _____ |
| | James A. Lewis |