IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TONY MANUELE, JR., d/b/a ) | |
| TONY'S SPORTING GOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-3163 |
| ) | |
| ACTING DIRECTOR OF INDUSTRY ) | |
| OPERATIONS, BUREAU OF ALCOHOL ) | |
| TOBACCO, FIREARMS and ) | |
| EXPLOSIVES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

The Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") moved for summary judgment. (Doc. 16) Plaintiff Manuele responded. (Doc. 20) This is ATF's reply. CDIL-LR 7.1(D)(3).

The facts are not in dispute. ATF presented 121 material facts, and each fact was supported by admissible evidence in the form of a document, an affidavit or a transcript. CDIL-LR 7-1(D)(1)(b). Plaintiff Manuele attempted to dispute some of these facts, (Doc. 20, pp. 1-5), but did not support any dispute with any admissible evidence: a document, an affidavit, or a transcript. CDIL-LR 7.1(D)(2)(c)(2).

Summary judgment requires "facts that would be admissible in evidence." Fed.R.Civ.P. 56(e)(1). An opposing party may not rely merely on allegations or denials in it own pleading; rather, its response must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). Since Plaintiff Manuele did not support any supposed dispute of material

1

fact with any admissible evidence, whether a document, an affidavit or a transcript, the only appropriate conclusion is that there is no genuine dispute of material fact.

Thus, each of ATF's material facts is supported by admissible evidence that is not contradicted. As a result, "there is no genuine issue of material fact." Fed.R.Civ.P. 56(e).

That leaves only one question: whether "the movant is entitled to judgment as a matter of law." *Id*. The answer should be "yes."

## II. Argument

The point at issue is willfulness. Manuele does not dispute that the violations occurred. Manuele's objection is not that he was, in fact, in compliance with the regulations, nor does he argue that he was unaware of the regulations; rather, he argues that: (1) he was entitled to actual notice in the form of at least one previous visit by an ATF inspector and (2) as the hearing officer determined his violations were not willful, the hearing officer's conclusion should stand. Manuele's positon is both illogical and unsupported by the law.

Manuele cites four cases in support of his position that he is entitled to a warning before revocation: *Stein's Inc. v. Blumenthal*, 649 F.2d 463 (7th Cir. 1980), *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492 (7th Cir. 2006), and *Breit & Johnson Sporting Goods, Inc. v. Ashcroft*, 320 F.Supp. 2d 671 (N.D. Il. 2004), which resulted in summary judgment for the government, and *Cisewski v. Department of the Treasury*, 773 F. Supp. 2d 148 (E.D.Wis. 1991), in which the petitioner's motion for reinstatement was denied after hearing in the district court. While these cases happen to deal with licensees who had received previous visits from the ATF before revocation, the cases do not stand for the proposition that such visits are required before revocation. Quite the contrary. Manuele quotes extensively from *Cisewski* for the proposition that because Cisewski's license was not revoked until he failed his "second chance," Manuele, too is entitled to a second chance. (Doc. 20, p. 4) In fact, in *Cisewski*, because the licensee had

2

received a warning and ATF had done a repeat inspection, the court concluded that Cisewski's repeat violations demonstrated "reckless disregard for regulations." *Cisewski*, 773 F. Supp. at 153.

ATF is not required to prove reckless disregard of regulations. ATF need only demonstrate that a violation was "willful." As noted in the government's motion, a violation is "Willful" if the "dealer understands the requirements of the law but knowingly fails to follow them or was indifferent to them." *Stein's Inc. v. Blumenthal*, 649 F.2d at 466. To act willfully, a dealer must demonstrate "purposeful disregard" of, or plain indifference to, a known legal obligation. *Article II Gun Shop,* 441 F.3d at 496.[1]

There is nothing in the Gun Control Act, the regulations or the case law interpreting the Act which creates an exception to revocation for "*de minimis* violations of the Act."[2] *Article II Gun Shop v. Gonzales*, 441 F.3d at 497. A licensee is not entitled to a "warning violation visit." *Breit & Johnson Sporting Goods,* 320 F. Supp. 2d at 678 ("'Any single violation of the federal statutes or regulations controlling the firearms industry can be a basis for denying an application for a new license or revoking an existing license'"), quoting *Trader Vic's Ltd. v. O'Neill*, 169 F. Supp. 2d 957, 963 (N. D. Ind. 2001). ATF "may revoke any federal firearms license if the holder of the license violated any federal statute or regulation dealing with the firearms industry." *Dimartino v. Buckles*, 129 F. Supp. 2d 824, 827 (D. Md. 2001)  Any records in compliance with

---

[1]"Willfully is more fully discussed in the government motion for summary judgment. (Doc. 16, pp. 29-30).

[2]Upon proof of a willful violation of any provision, the statute specifies revocation as the action to be taken. 18 U.S.C. §923(e); no intermediate steps are addressed and the statute sets forth no other response.

the regulations demonstrate understanding of the regulations. *In Re Sullivan*, 431 F.Supp. 2d 574, 576-77 (E.D.N.C. 2006) (revocation upheld where no previous compliance inspections, only an initial application inspection; licensee's correct records on acquisition and disposition belied argument that manager misinterpreted regulations).

Manuele's argument that he was entitled, as a matter of law, to a "second try" makes no logical sense and further, it makes no sense when viewed in the context of the testimony and exhibits from the administrative hearing, the depositions, and the affidavit of the ATF inspector, since all the evidence leads to the conclusion that Manuele carelessly disregarded his legal obligations set forth in the regulations. Of note:

> 1. Manuele admitted that he had the 2005 Federal Firearms Regulations Reference Guide. (Dep. 16)
>
> 2. ATF normally makes unannounced inspections; instead, in this case, there was several months warning, from October to January, and Manuele had been attempting to put his records in order for the visit. (Hearing 13, 50)
>
> 3. Manuele recognized that he was required to maintain both acquisition and disposition records, but in numerous instances, he had neither. (Hearing 67; Bolash, ¶33) He continued to work on disposition entries as of the date of the administrative hearing. (Hearing 42-43)
>
> 4. Manuele understood the purpose of a multiple sales sheet and had been complying with the requirement to notify ATF of multiple sales, but then he simply stopped doing so. (Dep. 87; 90-91; 94-95)
>
> 5. At the time of his deposition, Manuele continued to retain some Forms 4473 at his house which he had not made available to the ATF. (Dep. 62)

A federal firearm licensee has an obligation and duty to be familiar with the rules and regulations issued by ATF and to follow those rules. *Trader Vic's Ltd. v. O'Neill*, 169 F.Supp. at 964-65; *Stein's Inc*. 649 F.2d at 467. Manuele has held a federal firearms license since 1991.

(Hearing 7-8) Courts have previously recognized that extensive experience in the business of dealing in firearms supports a showing that the licensee is familiar with firearms laws and regulations, and that the failure to comply with such laws and regulations is willful. *See*, *Fin & Feather Sport Shop v. United States*, 481 F. Supp. 800, 805 (D. Neb. 1979) ("From the fact that [licensee] had previously been involved in the firearms business both in Nebraska and Iowa, it could properly be inferred that he was well aware of the requirements"); *Service Arms Company, Inc. v. United States*, 463 F. Supp. 21, 25 (W.D. Okla. 1978) ("[Licensee] was already familiar with the requirements as he had several years experience in the firearms business.... [Licensee's] failure to make entries in Plaintiff's acquisition and disposition log...constitutes a willful violation of the Act when [licensee's] experience and familiarity with the requirements of the Act and regulations are considered.")

  Manuele has demonstrated knowledge of the requirements of the Act. For a period of time, he had complied with the requirement of notification of multiple sales - - then he simply ceased compliance. (Hearing 87) Manuele recognized that he should have maintained records of acquisition and disposition, and he even attempted to get his records in order for the inspection. His attempt was amazingly ineffective; at the time of his deposition, he was still making the attempt. (Hearing 13, 50) He even still had records he asserted would show that he had correctly tracked acquisitions and dispositions. (Dep. 101)

  As the Director was empowered to revoke his license for any single violation of the Act, proof of a single one of the numerous violations noted in the inspector's report could rightly serve as the basis for revocation. Certainly, the most glaring of the violations was Manuele's failure to report multiple sales. Beyond any doubt, Manuele's prior compliance with this requirement and subsequent failure to comply demonstrated his knowledge of this regulation.

This specific violation, which did not occur on a single occasion, provides sufficient support for revocation. Yet, it certainly was not the only violation the inspector recorded.

Manuele asserts that he can only be held to have "known his legal obligation" if ATF sent an agent to his business on at least one prior occasion and actually informed him of his obligations. Nowhere do the cases suggest that such a process is required. Manuele asks this Court to conclude that a first inspection cannot lead to the consequence of loss of license, even if that first inspection uncovers proof of willful violation (or, in this case, several willful violations) of the law. This argument is cynical, since it takes an inspection process that everyone else thought was real, and tries to recast it as just a "trial run" for educational purposes. This argument is shameful, since an adult who conducts a business seeks so shamelessly to avoid the consequences of his actions. This argument is unsupported by statute, by regulation, or by case law.

This point is important. If first inspections do not count, then ATF will have to do additional inspections before it enforces the law, even if that first inspection uncovers evidence that justifies the loss of license. If first inspections do not count, license holders have no reason to follow the law until that first inspection, that "trial run" for educational purposes, has been completed. If first inspections do not count, the efforts of Congress and the regulators will be for naught, until that first inspection has been completed.

Finally, if a regulatory first inspection found that a licensed architect or engineer had willfully designed a deficient bridge or airplane, no one would seriously contend that regulatory action could not be based on that first inspection. It would shock the public conscience for a doctor or lawyer to argue that he violated the regulations of his practice, but the violation "does not count" because he was not specifically informed of those regulations by means of a warning

6

visit. As a matter of general law, there is no right to a "free first inspection" for educational purposes and without legal consequence.

The Director is not bound by the hearing officer's decision and Manuele has provided no case law, statute or regulation in support of his argument that the Director is so bound. To the contrary, it has been well settled since *Morgan v. United States*, 298 U.S. 468, 481-82 (1936), that in administrative adjudications, deciding officers need not physically hear the testimony, provided that they examine the record. Interestingly, Manuele relies on a case in which the Director elected not to follow the hearing officer's recommendation to renew a license because the hearing officer was of the opinion that such a penalty was too severe. The hearing officer's decision was overruled. *Stein's, Inc.*, 649 F.2d at 464. The case resulted in summary judgment for the government.

The hearing officer in the current matter failed to weigh evidence of Manuele's understanding of the regulations when he determined Manuele's violations were not willful. The Director is not obligated to follow the hearing officer's conclusion. Manuele argues that the hearing officer was in the best position to evaluate the credibility of the witnesses, but the hearing officer's decision does not suggest that the credibility of either witness was questioned. He simply decided, in an apparent act of generosity that was not consistent with the law, that Manuele should have a "second chance."

The Director disagreed, and for sound reasons. Manuele did not deal in toasters; he dealt in firearms. Firearms are regulated for public safety. *Trader Vic's v. O'Neill*, 169 F.Supp. 2d at 961-62 ("In response to growing concerns involving the sale of firearms to the general public, Congress enacted the Gun Control Act of 1968"). Manuele, who even as of the date of the deposition, still retained Forms 4473 that should have been turned over for review, has

7

demonstrated himself an unreliable and irresponsible guardian of public safety. The Director determined that, as Manuele had demonstrated himself unable to comply with the regulations for a business that, by act of Congress, had required regulations, he should not be licensed as a dealer under those regulations.

## CONCLUSION

Plaintiff Manuele seeks to add a "free first inspection" requirement to the law, in order to nullify the consequences that the law would impose on his actions. This Court should not rewrite or nullify the law. Instead, this Court should apply the law, as it is, to the undisputed violations of law in this case.

Respectfully submitted,
RODGER A. HEATON
United States Attorney

s/ Hilary W. Frooman
HILARY W. FROOMAN, Reg # 6180241
Attorney for Defendant
United States Attorney's Office
318 S. Sixth Street
Springfield, Illinois 62701
Telephone: 217-492-4450
Fax: 217-492-4888
hilary.frooman@usdoj.gov

**CERTIFICATE OF SERVICE**

  The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

        Michael J. Logan
        837 South Fourth Street
        Springfield, IL 62703

  April 18, 2008             s/ Hilary W. Frooman
Date:_____    _____
                   Hilary W. Frooman