

**E-FILED**
Monday, 19 May, 2008 03:05:29 PM
Clerk, U.S. District Court, ILCD



U.S. Department of Justice

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Charlotte Field Division*

Charlotte, NC   28226
www.atf.gov
**February 12, 2007**

**MEMORANDUM TO:**     **Director, Industry Operations**
**Chicago Field Division**

**FROM:**     **Gary L. Schuster**
**Hearing Officer, Charlotte Field Division**

**SUBJECT:**     **Report and Recommendation Concerning**
**Notice of Revocation of License**
**Tony Manuele Jr.**
**Dba: Tony's Sporting Goods**
**7922 Wildlife Road**
**Chatham, IL 62629**
**FFL number: 3-37-167-01-6D-33941**

## INTRODUCTION

An informal hearing was held on January 30, 2007 from approximately 10:15 am until 12:41 pm at the ATF Springfield Field Office, 3161 West White Oaks Drive, Suite 200, Springfield, IL regarding the Notice of Revocation of License, ATF Form 4500 (5300.4), issued to Tony Manuele Jr., dba: Tony's Sporting Goods. The hearing was held under the provisions of Section 923(f)(2) of Title 18 United States Code and Section 478.74, Title 27 Code of Federal Regulations. I, Gary L. Schuster, presided as Hearing Officer.

## APPEARING FOR THE GOVERNMENT

Erika Ritt, ATF Counsel for the Chicago Field Division represented the Government. Also testifying for the government was Theresa Bolash, ATF Investigator, Springfield Field Division.

## APPEARING FOR THE LICENSEE

Tony Manuele, Jr., Owner was present. Michael J. Logan, Attorney at Law was also present and represented the licensee.

Exhibit A
0000039

-2-

## BACKGROUND

On July 26, 2006, the Director, Industry Operations, Chicago Field Division, issued a Notice of Revocation of License, ATF Form 4500 (5300.4), to Tony Manuele, Jr., dba: Tony's Sporting Goods, as a Type 01, License, as a dealer in firearms other than destructive devices (Government Exhibit B ). The basis for the proposed revocation of his license was based on the fact that the licensee willfully committed numerous violations of the Federal firearms laws and regulations in the following instances: Licensee failed to timely record the disposition of 611 firearms in his acquisition and disposition records; licensee failed to timely record the acquisition of 502 firearms in his acquisition and disposition records; licensee failed to maintain an acquisition and disposition record in a bound fashion as required by the regulations; licensee failed to record the address and/or federal firearms license number from any and all individuals from whom licensee acquired firearms from in his A & D records; on 40 occasions, licensee failed to report to ATF on ATF Form 3310.4, Report of Multiple Sale or other Dispositions of Pistols and Revolvers, of the sale or other disposition of two or more pistols or revolvers to non-licensees during any five consecutive business days; licensee failed to maintain ATF Forms 4473, Firearms Transaction Records, in alphabetical, chronological or numerical order as required by the regulations; on 11 occasions, licensee transferred firearms to non-licensees who failed to answer all the prohibiting questions on ATF Forms 4473; on four occasions, licensee failed to record the type of identification used by the purchaser on ATF Forms 4473. The licensee requested a hearing in writing (Government Exhibit C & D). A hearing date of October 24; 2006 was set and the licensee was so notified (Hearing Officer Exhibit #2). On October 23, 2006 the licensee's attorney requested a postponement of the firearms hearing scheduled for October 24, 2006. A new hearing date was set for January 30, 2007 and the licensee and his attorney were so notified (Government Exhibit D-1). Gary L. Schuster was appointed as hearing officer (Hearing Officer Exhibit #1).

## GOVERNMENT PRESENTATION

The Government presented the following information related to the specific counts stated in the ATF Form 4500, Notice of Revocation of License:

**Count one – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to timely record the disposition of 611 firearms in his acquisition and disposition records.

Investigator Bolash testified that she tried to begin her inspection in October 2005 at the licensee's storefront premises, but the licensee was in the process of moving his business to his residence. She testified that she was able to begin her inspection at the licensee's residence in January 2006. She further testified that Mr. Manuele, Jr. became ill during her inspection and was unavailable to complete her inspection. She testified that she was referred to the licensee's attorney Michael Logan. Investigator Bolash testified that it took numerous contacts with the

-3-

licensee and Michael Logan to obtain an approved Power of Attorney for Mr. Logan. She testified that she did not complete her inspection because she did not receive Mr. Logan's approved power of attorney form until after the notice of revocation was mailed out (Government Exhibits A, A-1, A-2, A-3 and A-4). Investigator Bolash testified that, for the period 1991 through 1996, the licensee was maintaining his A & D records on computer. She further testified that the licensee did not have an approval to maintain his A & D records by computer. She further testified that, for the period 1996 through 2006, the licensee was maintaining a manual A & D record. She testified that the licensee had recorded the acquisitions of 611 firearms but there were no recorded dispositions of these 611 firearms in the licensee's A & D records. Investigator Bolash testified that government exhibit "G" is a list of firearms acquired and recorded in the licensee's A & D record for years 1997-2000, 2002, 2005 and 2006 (Government Exhibit G). She explained that government exhibit "F" is a list of 312 firearms in government exhibit "G" that does not have a disposition recorded in the A & D record nor is the firearm in inventory (Government Exhibit "F"). She explained that government exhibit "E" is a copy of the physical inventory of firearms on hand in January 2006 (Government Exhibit E). She further testified that the remaining 299 firearms are acquisitions in 2001, 2003 and 2004 that have no dispositions recorded and was not in the physical inventory in January 2006. She further explained that a total of 611 firearms were acquired by the licensee and recorded in his A & D records, but were not in the physical inventory on January 2006. Investigator Bolash testified that the licensee was aware of the requirements to record the acquisitions and dispositions of firearms because he had correctly recorded them in other instances and this is a basic requirement that all firearms dealers should know. She also testified that the licensee visited the ATF booth at the Las Vegas shot show and inquired on how to change locations of his business premises (Government Exhibit H-1). She further testified that an amended application inspection was conducted on Tony Manuele, Jr when he filed an amended application to move from his storefront premises to his residence premises. Investigator Bolash testified that the amended application was conducted by telephone. Investigator Bolash testified that she reviewed the violations with Mr. Logan and explained to him what needed to be done to correct the violations (Government exhibit H).

**Count two – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to timely record the acquisition of 502 firearms in his acquisition and disposition records.

Investigator Bolash testified that the licensee failed to record the acquisition of 502 firearms in his A & D record. She testified that a review of government exhibit "G" disclosed that 486 firearms were recorded as disposition in the A & D record, but there was no corresponding entry for the acquisition of these 486 firearms. She further explained that there were 16 firearms in inventory that were not recorded as acquisitions in the licensee's A & D record (Government Exhibit E). She further testified that she recorded the 502 firearms that were not recorded as acquisitions in the licensee's A & D in government exhibit "I". She testified that this is a willful violation because it is a basic requirement of being a federal firearms dealer to record the acquisition and dispositions of firearms in an A & D record. She

-4-

further explained that Mr. Manuele had previously recorded acquisitions and disposition of firearms in his A & D record (Government Exhibit G).

**Count three – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to maintain an acquisition and disposition record in a bound fashion as required by the regulations.

Investigator Bolash testified that the licensee prepared his own format for the A & D record, but failed to maintain the record in a bound book. She testified that the A & D records were loose pages and she was not sure that all pages were accounted for. She testified that this is a basic requirement of being a federal firearms dealer to maintain an A & D in a bound book. She further testified that ATF occasionally conducts firearms seminars to discuss the laws and regulations. She further testified that there was a firearms seminar two years in Peoria, IL and that the licensee would have been invited to attend. She stated that the licensing center would have sent out letters inviting dealers to the seminar.

During cross examination by Michael Logan, Investigator Bolash stated that she assumed that Mr. Manuele would have been invited to the seminar. She further testified that she did not see a mailing list of those firearm dealers that were mailed an invitation to the seminar.

**Count four – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to record the address and/or federal firearms license number from any and all individuals from whom licensee acquired firearms from in his A & D records.

Investigator Bolash testified that the licensee's A & D record contained a column for acquisitions but the format did not contain the address of the person from whom the firearm was received from or if received from federal firearms licensee, the firearms license number of the dealer from whom he received the firearm. She further testified that the licensee's A & D record did not contain the address of the person to whom a firearm was transferred in the disposition portion of his A & D record (Government exhibit G). She further testified that the disposition section of the A & D record contained the name of the individual who purchased the firearm and under the column FFL or 4473, the licensee recorded 4473. She testified that this is a willful violation because it is a basic requirement of keeping an A & D record that the name and address is to be recorded and there is an example in the regulations what the format should look like.

**Count five – 18 U.S.C. § 923(g)(3) and 27 C.F.R 478.126(a):** On 40 occasions, licensee failed to report to ATF on ATF Form 3310.4, Report of Multiple Sale or other Dispositions of Pistols and Revolvers, of the sale or other disposition of two or more pistols or revolvers to non-licensees during any five consecutive business days.

Investigator Bolash testified that, for the period of January 2003 through January 2006, that on 40 occasions the licensee failed to report the sale or transfer of two or more pistols or revolvers to non-licensees during any five consecutive business days to ATF. She testified that a review of ATF Forms 4473, Firearms Transaction Records, and the licensee A & D record

-5-

disclosed that the licensee failed to report the sale of multiple handguns on ATF F 3310.4 (Government Exhibit J). She further testified that she ran a firearms trace history for the period of January 1991 through January 2006, for the licensee and none of these 40 multiple sales of handguns were reported to ATF (Government Exhibit K). Investigator Bolash testified that she discussed this violation with Mr. Logan and advised him to report these firearm transactions on ATF Form 3310.4, Multiple Sale form. She further testified that she ran another firearms trace history, for the period January 2004 through January 26, 2007 for the licensee and none of these 40 multiple sales have been reported as requested (Government Exhibit K-1). Investigator Bolash testified that she requested all multiple sale forms at the beginning of her inspection from Mr. Manuele. She further testified that he had provide some multiple sale forms, but could not recall how many. Investigator Bolash testified that this was a willful violation because the licensee had reported multiple sales and stopped reporting them in 2003. She testified that Mr. Manuele stated that he knew he was supposed to report the sale of multiple handguns to ATF. Ms. Ritt testified that during the period 1999 through 2003, the licensee reported 18 multiple sale transactions to ATF.

**Count six – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(b):** Licensee failed to maintain ATF Forms 4473, Firearms Transaction Records, in alphabetical, chronological or numerical order as required by the regulations.

Investigator Bolash testified that ATF Forms 4473, Firearms Transaction Records, are to be maintained in alphabetical, chronological or numerical order. She further testified that the licensee was not maintaining the forms in any type of order. She testified that Mr. Manuele said that he use to keep them in a binder, but they would fall out. She further testified that Mr. Manuele stated that he had gotten behind in his filing and that is the reason why they were not in a binder.

**Count seven – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(1):** On 11 occasions, licensee transferred firearms to non-licensees who failed to answer all the prohibiting questions on ATF Forms 4473.

Investigator Bolash testified that a review of 1,200 ATF Forms 4473, Firearms Transaction Records, disclosed that on 11 ATF Forms 4473, the non-licensees failed to answer question 12l (4473 – 2001 Edition) on seven occasions, are you non-immigrant alien; failed to answer 12a (4473-2001 Edition) on two occasions, are you the actual buyer of the firearm; failed to answer 11d (4473 – July 2005 Edition) on one occasion, are you a fugitive from justice; failed to answer 11l (4473 – July 2005 Edition) on one occasion, are you nonimmigrant alien and incorrectly answered 11b & c (4473 – July 2005 Edition) by placing in x in those blocks; are you under indictment or information in any court for a felony or any other crime; have you ever been convicted in any court of a felony or any other crime (Government Exhibit L). She testified that these were willful violation because of the 1,200 ATF Forms 4473 only these 11 forms had omissions, therefore, he knew how to complete these forms.

000043

-6-

**Count eight – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(3)(i):** On four occasions, licensee failed to record the type of identification used by the purchaser on ATF Forms 4473.

Investigator Bolash testified that a review of 1,200 ATF Forms 4473, Firearms Transaction Records, disclosed that four ATF Forms the licensee failed to record the type of identification in section b, item 18a on three occasions and failed to complete section b, item 18a, the number of the identification used by the non-licensee on one occasion (Government Exhibit M). She further testified that this was a willful violation because the licensee had properly recorded the identification on the other 1,200 ATF Forms 4473 that she reviewed.

## LICENSEE PRESENTATION

David Crump presented the following information related to the specific violations stated in the Notice of Revocation of License, ATF Form 4500 (5300.4):

**Count one – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to timely record the disposition of 611 firearms in his acquisition and disposition records.

Tony Manuele, Jr. testified that he was recording acquisitions in an A & D record, as well as the dispositions in the A & D record. He testified that he was recording the firearms he received in a record in chronological order. He further testified that he would then record the disposition of a firearm on another page in chronological order. He further testified that he did not realize at the time that he had to record the disposition of the firearm in the A &D record that corresponded with the acquisition of the firearm. He testified that he had never been inspected and that he received his firearms license in 1991 and the application inspection was conducted by telephone.

**Count two – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to timely record the acquisition of 502 firearms in his acquisition and disposition records.

Mr. Manuele testified that he tried to do the best he could in recording the acquisition and disposition of firearms.

During cross examination by Mrs. Ritt, Mr. Manuele admitted that he knew he was suppose to record all acquisitions and dispositions in his A & D record. He further admitted that he knew it was very important to record the acquisition of firearms than the disposition of firearms because he had ATF Forms 4473 to show who purchased the firearms.

**Count three – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to maintain an acquisition and disposition record in a bound fashion as required by the regulations.

-7-

Mr. Logan testified that Mr. Manuele did not receive any training on how to maintain an A & D record. There were no other comments concerning the bound record.

**Count four – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to record the address and/or federal firearms license number from any and all individuals from whom licensee acquired firearms from in his A & D records.

Mr. Manuele, Jr. did not have an explanation for this violation. He did state that he had a book with a copy of all the firearm dealers' licenses that he purchases firearms from.

**Count five – 18 U.S.C. § 923(g)(3) and 27 C.F.R 478.126(a):** On 40 occasions, licensee failed to report to ATF on ATF Form 3310.4, Report of Multiple Sale or other Dispositions of Pistols and Revolvers, of the sale or other disposition of two or more pistols or revolvers to non-licensees during any five consecutive business days.

Mr. Manuele, Jr testified that ATF did not receive the multiple sale forms. When questioned by Mr. Logan, Mr. Manuele stated that he probably have these forms at home. Mr. Manuele further testified that he had a bunch of these forms at home and brought some with him to the hearing. He further explained that he didn't know if any of the forms he brought to the hearing were for the 40 missing multiple sales that ATF was missing. Mr. Manuele further testified that there is a possibility that some of the forms were overlooked or not sent or for whatever reason.

**Count six – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(b):** Licensee failed to maintain ATF Forms 4473, Firearms Transaction Records, in alphabetical, chronological or numerical order as required by the regulations.

Messrs. Logan and Manuele, Jr had no comments on this violation.

**Count seven – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(1):** On 11 occasions, licensee transferred firearms to non-licensees who failed to answer all the prohibiting questions on ATF Forms 4473.

Mr. Manuele testified that the eight ATF Forms 4473 where the non-licensees failed to answer the non-immigrant alien question was an oversight on his part. He testified that he has no explanation for ATF Form 4473, where the non-licensee placed in "x" in question 11b & c. He testified that he scans the forms to ensure that all the blocks are completed and just missed those.

**Count eight – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(3)(i):** On four occasions, licensee failed to record the type of identification used by the purchaser on ATF Forms 4473.

3:07-cv-03163-JES-CHE    # 24    Page 8 of 14

-8-

Mr. Manuele testified that it was an oversight on his part why question 18a was left blank. There was no other explanation for this violation.

## FINDINGS OF FACT

**Count one – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to timely record the disposition of 611 firearms in his acquisition and disposition records.

The Government presented testimony and evidence that the licensee failed to timely record the disposition of 611 firearms in his A & D records (Government Exhibits E, F, and G). The licensee presented testimony that he was recording the acquisitions and dispositions in an A & D record, however he did not realize at the time that he had to record the disposition of the firearm in the A & D record that corresponded with the acquisition entry in the A & D record. The licensee presented testimony that he received his firearms license in 1991 and that the application inspection was conducted by telephone. The licensee also presented testimony that he had never been inspected by ATF until January 2006. Investigator Bolash presented testimony that this violation was willful because it is a basic requirement of being a federal firearms dealer to know the laws and regulations on how to maintain an A & D record. She further testified that Mr. Manuele had visited the ATF booth at the Las Vegas shot show and asked questions on how to move his licensed premises (Government Exhibit H-1). She presented testimony that she assumed that the licensee was invited to an ATF sponsored firearms seminar in Peoria, IL two years ago. However, during cross examination Investigator Bolash admitted that she had no knowledge or evidence to substantiate her assumption. The government presented evidence that the licensee asked questions of ATF at the Las Vegas shot show to prove the licensee knew how to contact ATF if he had any questions. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. The licensee prepared his own format for the required A & D record to the best of his knowledge. The licensee did admit that he knew he was supposed to record the dispositions of firearms in an A & D record and had done so. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The licensee admitted that he knew his legal obligation to record the dispositions in his A & D record, and was doing so the best way he knew how. The government proved that the licensee was not timely recording the dispositions of firearms in the required A & D record. However, the government did not prove that the licensee purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The government did not provide evidence or testimony why the licensee failed to timely record dispositions in his A & D record. Investigator Bolash testified that the licensee's A &D record was loose pages and she was not sure that all the pages were accounted for. The licensee had been recording dispositions, but in the back of his

-9-

A & D record in chronological order. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful.

Count two – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e): Licensee failed to timely record the acquisition of 502 firearms in his acquisition and disposition records.

The Government presented testimony and evidence that the licensee failed to timely record the acquisitions of 502 firearms in his A & D record (Government Exhibit E, G and I). The licensee presented testimony that he did the best he could. Investigator Bolash presented testimony that this was a willful violation because this is a basic requirement of being a federal firearms dealer to know the laws and regulations on how to maintain an A & D record. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The licensee admitted that he knew his legal obligation to record the acquisitions in his A & D record, and was doing so the best way he knew how. The government proved that the licensee was not timely recording the acquisitions of firearms in the required A & D record. However, the government did not prove that the licensee purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The government did not provide evidence or testimony why the licensee failed to timely record acquisitions in his A & D record. Investigator Bolash testified that the licensee's A &D record was loose pages and she was not sure that all the pages were accounted for. The licensee had been recording acquisitions in chronological order. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful.

Count three – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e): Licensee failed to maintain an acquisition and disposition record in a bound fashion as required by the regulations.

The Government presented testimony that the licensee was not maintaining his A & D record in a bound book as required by the regulations. The government presented testimony that the licensee's A & D records were loose pages and that they were not sure that all the pages were accounted for. Mr. Logan testified that Mr. Manuele did not receive any training on how to maintain an A & D record. There were no other comments concerning the bound record. Investigator Bolash presented testimony that this violation was willful because it is a basic

-10-

requirement of being a federal firearms dealer to know the laws and regulations on how to maintain an A & D record in a bound book. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. Investigator Bolash testified that she assumed Mr. Manuele was invited to an ATF firearms seminar two years ago in Peoria, IL to discuss the firearms laws and regulations. The government did not provide any evidence that; one the licensee received a letter inviting him to the firearms seminar; two that the licensee attended the seminar and during cross examination, Investigator Bolash admitted it was an assumption on her part. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful.

**Count four – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.125(e):** Licensee failed to record the address and/or federal firearms license number from any and all individuals from whom licensee acquired firearms from in his A & D records.

The government presented testimony and evidence that the licensee's A &D record contained a column for acquisitions but the format did not contain the address of the person from whom the firearm was received from or if received from federal firearms licensee, the firearms license number of the dealer from whom he received the firearm (Government Exhibit G). The licensee did not have any explanation for this violation. The licensee presented testimony that he maintains a copy of all federal firearms dealer's licenses in a book he purchases firearms from. Investigator Bolash presented testimony that this is a willful violation because it is a basic requirement of keeping an A & D record that the name and address is to be recorded and there is an example in the regulations what the format should look like. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. The licensee prepared his own format for the A & D record and was maintaining it the best he could. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful.

000048

-11-

**Count five – 18 U.S.C. § 923(g)(3) and 27 C.F.R 478.126(a):** On 40 occasions, licensee failed to report to ATF on ATF Form 3310.4, Report of Multiple Sale or other Dispositions of Pistols and Revolvers, of the sale or other disposition of two or more pistols or revolvers to non-licensees during any five consecutive business days.

The government presented testimony and evidence that the licensee failed to report on 40 occasions the sale or other disposition of two or more handguns to non-licensees during any five consecutive business days on ATF F 3310.4 to ATF (Government Exhibit J, K and K-1). Investigator Bolash presented testimony that this was a willful violation because the licensee had reported multiple sales and stopped reporting them in 2003. She testified that Mr. Manuele stated that he knew he was supposed to report the sale of multiple handguns to ATF. Ms. Ritt presented testimony that during the period 1999 through 2003, the licensee reported 18 multiple sale transactions to ATF. The licensee presented testimony that ATF did not receive all the multiple sales forms. The licensee presented testimony that there is a possibility that some of the multiple sale forms were overlooked or not sent. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful

**Count six – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(b):** Licensee failed to maintain ATF Forms 4473, Firearms Transaction Records, in alphabetical, chronological or numerical order as required by the regulations.

The government presented testimony that the licensee was not maintaining ATF Forms 4473, Firearms Transaction Records, in alphabetical, chronological or numerical order as required by the regulations. The licensee had no comment on this violation. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face

-12-

inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful

**Count seven – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(1):** On 11 occasions, licensee transferred firearms to non-licensees who failed to answer all the prohibiting questions on ATF Forms 4473.

The government presented testimony and evidence that the licensee transferred firearms to non-licensees on 11 occasions who failed to answer all the prohibiting questions on ATF Forms 4473, Firearms Transaction Records (Government Exhibit L). Investigator Bolash presented testimony that these were willful violation because of the 1,200 ATF Forms 4473 only these 11 forms had omissions; therefore, he knew how to complete these forms. The licensee presented testimony that these omissions were an oversight on his part and that he only scans the forms to make sure that all sections were completed. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. This licensee has had his federal firearms license for 15 years and has never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful

**Count eight – 18 U.S.C. § 923(g)(1)(a) and 27 C.F.R. 478.124(c)(3)(i):** On four occasions, licensee failed to record the type of identification used by the purchaser on ATF Forms 4473.

The government presented testimony and evidence that the licensee failed to record the type of identification on four occasions on ATF Forms 4473 of the 1,200 forms reviewed (Government Exhibit M). Investigator Bolash presented testimony that this was a willful violation because the licensee had properly recorded the identification on the other 1,200 ATF Forms 4473 that she reviewed. The government must establish that a licensee knew of its legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements. The fact is the licensee received his federal firearms license in 1991 and the application inspection was conducted over the telephone and when he submitted an amended application to move his licensed premise from a storefront operation to his residence in 2005, that amended application inspection was conducted by telephone. The fact is this licensee has had his license for 15 years and has never been inspected until January 2006. There was no evidence presented that ATF ever explained the basic requirements of the firearms laws and regulations to the licensee. This licensee has had his federal firearms license for 15 years and has

-13-

never been inspected or had a face to face inspection by ATF. Therefore, I find that the government proved the violation, but not that it was willful

## CONCLUSION

Under 18 U.S.C. § 923(e), the Bureau of Alcohol, Tobacco, Firearms and Explosives may revoke a Federal firearms license if the licensee willfully violates any provision of Chapter 44, Title 18, United States Code (the Gun Control Act, as amended,) or any rule or regulation thereunder.

The findings of fact as stated above that the licensee, Tony Manuele, Jr., dba: Tony's Sporting Goods, federal firearms license number 3-37-167-01-6D-33941, did not willfully violate the provisions of **18 U.S.C. §923(g)(1)(a), §923(g)(3) and 27 C.F.R. §478.125(e), §478.126(a), §478.124(b), §478.124(c)(1), and §478.124(c)(3)(i).** Therefore, the Notice of Revocation of this Federal Firearms License should be withdrawn.

## RECOMMENDATION

Upon consideration of all the evidence, including testimony and documents presented by both parties, and the arguments of both parties at the hearing, I recommend that the Notice of Revocation of this Federal Firearms License should be withdrawn.

Gary L. Schuster

Gary L. Schuster
Hearing Officer

Attachments:
List of Exhibits
Tapes of Hearing (2)

000051

-14-

## LIST OF EXHIBITS

### Government Exhibits:

| | |
|---|---|
| Government Exhibit – A | Power of Attorney – Michael Logan |
| Government Exhibit – A-1 | Letter to Anthony Manuele, Jr. dated 3/2/06 |
| Government Exhibit – A-2 | Limited Power of Attorney for Michael Logan |
| Government Exhibit – A-3 | Letter to Anthony Manuele, Jr, dated 3/23/06. |
| Government Exhibit – A-4 | Copy of returned certified letter sent to Tony Manuele |
| Government Exhibit – B | Notice of Revocation of License. |
| Government Exhibit – C | Request for a Firearms Hearing from Tony Manuele, Jr.. |
| Government Exhibit - D | Copy of certified mail receipt for Tony Manuele, Jr. |
| Government Exhibit – D-1 | Notice of Hearing on January 30, 2007. |
| Government Exhibit – E | Physical Inventory of firearms. |
| Government Exhibit – F | List of 312 Open Dispositions in A & D record. |
| Government Exhibit – G | Copy of licensees A & D record. |
| Government Exhibit – H | Report of Violations note dated or signed. |
| Government Exhibit – H-1 | Letter from Tony Manuele, Jr to ATF dated 3/6/00. |
| Government Exhibit - I | List of firearms not entered as receipts in A & D record. |
| Government Exhibit – J | Copy of ATF Forms 4473, A&D record, worksheet #2. |
| Government Exhibit – K | Trace report for period 1/91 to 1/31/06 |
| Government Exhibit – K-1 | Trace report for period 1/26/04 to 1/26/07. |
| Government Exhibit – L | Copy of ATF Forms 4473. |
| Government Exhibit – M | Copy of ATF Forms 4473. |
| Government Exhibit – X | List of completion codes for firearms traces |

### Licensee Exhibits:

| | |
|---|---|
| Licensee Exhibit – 1 | Letter to Mark Geever, ATF |
| Licensee Exhibit – 2 | Letter to Ardith, trace request. |

### Hearing Officer Exhibits:

| | |
|---|---|
| Hearing Officer Exhibit –1 | Hearing Officer Deignation |
| Hearing Officer Exhibit – 2 | Letter Notifying Licensee of Hearing Date 10/24/06 |