**E-FILED**
Thursday, 22 May, 2008  08:57:26 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TONY MANUELE, JR. d/b/a<br>TONY'S SPORTING GOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3163 |
| | ) | |
| ACTING DIRECTOR OF<br>INDUSTRY OPERATIONS,<br>BUREAU OF ALCOHOL,<br>TOBACCO, FIREARMS, and<br>EXPLOSIVES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Bureau of Alcohol,

Tobacco, Firearms, and Explosives' ("ATF") Motion for Summary Judgment

(d/e 16) ("Motion").  The ATF revoked Plaintiff Tony Manuele's federal

license to sell firearms.[1]  Manuele filed this action to secure judicial review

of the revocation.  18 U.S.C. § 923(e).  Based on a <u>de</u> <u>novo</u> review of the

---

[1]Plaintiff stated in his deposition that his full name is Anthony J. Manuele, Jr. <u>Motion</u>, Exhibit 2, <u>Deposition of Anthony J. Manuele, Jr. ("Manuele Deposition")</u>, at 3.  The Plaintiff, however, refers to himself as Tony Manuele, Jr., in all of his filings.  The Court will refer to him as Tony Manuele, Jr.

record, the Court finds that Manuele willfully violated ATF record-keeping regulations in at least two respects: (1) he failed to keep a record of 502 acquisitions of firearms, and (2) he failed to file required reports of multiple sales of firearms with the ATF.  He knew he was obligated to perform these two record-keeping functions, but he did not do so.  These willful violations support the ATF's decision to revoke Manuele's license.

STATEMENT OF FACTS

In 1991, Manuele applied for a federal firearms license (License) and paid a $30.00 fee.  The ATF sent Manuele a License about three months later.  Manuele Deposition, at 9.  The ATF sent Manuele two forms: Form No. 4473 ("4473 form", or "4473"), and the ATF form 3310.4 ("Multiple Sales form").  Id., at 26.  The 4473 form is an application to purchase a firearm.  27 C.F.R. §478.124(c).  Each purchaser is required to fill out his application.  Manuele had each purchaser fill out a 4473, but some purchasers did not fill out the forms completely.  A Multiple Sales form is a form that firearms dealers are required to complete and send to the ATF to report any sale of more than one handgun to the same person within a five-day period.  27 C.F.R. § 478.126(a).  Manuele filed the Multiple Sales forms with the ATF whenever he had a multiple sale up until January 2003.

2

Thereafter, he prepared these forms, but did not send them to the ATF. Motion, Exhibit 1, Record of Informal Hearing on January 30, 2007 ("Hearing Transcript"), at 87; Manuele Deposition, at 94-96; Motion, Exhibit 6, Deposition of Lois Manuele, at 16-17.

In connection with his firearms sales business, Manuele went to gun shows. Manuele learned from other gun dealers at these shows that he was supposed to keep records of acquisitions and dispositions of weapons. Manuele Deposition, at 25, 35. Thereafter, Manuele kept two separate running logs, one for acquisitions and one for dispositions. Id., at 74. He also believed that the 4473 constituted the record of the disposition of a weapon. Hearing Transcript, at 38.

Manuele had very little contact with the ATF until October 2005. In approximately 1994, two ATF agents contacted Manuele about some missing weapons. At that time, Manuele kept his logs of acquisitions and dispositions by computer. The agents told Manuele that he needed special permission to keep the records on computer, and until he got permission, he needed to keep the records manually. Manuele Deposition, at 30. Thereafter Manuele kept the two logs manually. Manuele stopped at ATF booths at gun shows in 2000 to find out about a new Youth Handgun Act.

Id., at 19-20.  Manuele contacted ATF agents located in Springfield on occasion when he had questions about transactions.  The ATF periodically contacted Manuele to trace a particular firearm.  Manuele responded by providing information on his acquisition and disposition of the firearm.[2] Hearing Transcript, at 80-81.  In 2005, the ATF mailed Manuele a copy of its Federal Firearms Regulations Reference Guide.  Manuele Deposition, at 15-16.

In October 2005, ATF inspector Theresa Bolash went to Manuele's business location to inspect his records.  She found the storefront locked. She called the telephone number for the business and found that the telephone had been disconnected.  She then attempted to contact Manuele at his residence.  After several tries, she eventually made contact with Manuele.  She told him she wanted to conduct an inspection of his records. Manuele explained that he recently moved his business to his home.  She told Manuele to contact her when he had received zoning approval to operate his business from his home.  Eventually, she conducted the inspection in January 2006.  Motion, Exhibit 4, Affidavit of Theresa Bolash

_____

[2]ATF Inspector Theresa Bolash found that Manuele failed to respond to trace requests on two occasions.  Hearing Transcript, at 81.  Bolash did not base her recommendation to revoke Manuele's license on these two instances.

("Bolash Affidavit"), at ¶¶ 5-13.[3]

On January 12, 2006, Bolash and another inspector went to Manuele's home.  She stated in her Affidavit that she found the records in complete disarray.  The 4473 forms were all over the house.  Manuele explained that these records became disorganized when he moved his business.  Bolash told Manuele that his records were not kept properly.  The regulations required that he keep a single log of acquisitions and dispositions in bound volumes and in a particular format so that the information regarding acquisition and disposition of each firearm is entered together on the same page and "lines up" with each other.  Id., ¶¶ 14-26.

Bolash also found that 611 dispositions of firearms were not in the running disposition log that Manuele kept.  Hearing Transcript, at 42-43. Manuele believed that he had a record of each disposition because he had the 4473 for each transaction.  Id., at 38.  Bolash told him that he was required to keep the single bound log of acquisitions and dispositions. Manuele Deposition, at 20.  Bolash also found a number of deficiencies in the 4473's due to missing information and incomplete responses to

---

[3]The Bolash Affidavit contains a great deal of argument, legal conclusions, speculations and opinions.  The Court disregarded these portions of the Affidavit.

questions on the form.  <u>Hearing Transcript</u>, 91-94, 106-10.

Bolash also found that Manuele had failed to enter 502 acquisitions into his running acquisition log.  She found 486 instances in which the sale of a firearm appeared in Manuele's disposition log, but no corresponding entry appeared in the acquisition log.  <u>Hearing Transcript</u>, at 67.  In addition, Manuele had 16 firearms in his inventory which had not been entered into his acquisitions log.  <u>Id.</u>, at 59.  Manuele admitted he knew that he had to keep acquisition records, but he had not entered some of the acquisitions into his log.  <u>Hearing Transcript</u>, at 67.

Bolash found that the 4473's were also not kept in order.  The regulations required that the 4473's be kept alphabetically by purchaser; numerically by serial number; or chronologically by date of transaction. Manuele kept the 4473's in chronological order in binders, but the binders came apart, and the 4473's got mixed up.  <u>Bolash Affidavit</u>, ¶ 27; <u>Hearing Transcript</u>, at 90.  Manuele was in the process of placing the 4473's in expandable folders, but had not completed the process.  Some of the 4473's were in chronological order in folders and some were not.  <u>Manuele Deposition</u>, at 64-68.

Bolash also found that Manuele made 40 multiple sales transactions

after January 2003, but did not send in Multiple Sales forms to report these transactions to the ATF.  Hearing Transcript, at 79, 84.  Manuele admitted that he knew he was supposed to send these reports to the ATF whenever he made a multiple sale.  He stated that he had family obligations after January 2003 that came first, and as a result, he did not send in the reports.  Manuele Deposition, 90-95.

After the inspection, Bolash recommended that Manuele's license be revoked.  A license can be revoked if a license holder willfully violates the ATF's record-keeping regulations.  18 U.S.C. § 923(e); 27 C.F.R. §478.73(a).  Bolash cited eight violations of the record-keeping requirements.  Plaintiff's Reply to Defendant's Motion for Summary Judgment (d/e 20) ("Manuele Opposition"), Exhibit A, Report and Recommendation of Hearing Officer Gary L. Schuster, dated February 12, 2007 ("Hearing Officer Recommendation"), at 2-6. Manuele requested and received a hearing in front of a hearing officer on January 30, 2007.  After the hearing, the hearing officer issued a written recommendation against revocation.  He concluded that the violations were not willful because no one at the ATF ever contacted Manuele to explain the record-keeping requirements to him.  Hearing Officer Recommendation, at 13.

The ATF Director of Industry Operations ("Director") rejected the hearing officer's recommendation. Answer (d/e 4), Exhibit A, Final Notice of Denial of Application or Revocation of Firearms License ("Final Notice"), at 4-5. The Director found four willful violations: (1) the failure to record 611 dispositions in the disposition log; (2) the failure to record 502 acquisitions in the acquisition log; (3) the failure to report 40 multiple sales; and (4) the failure to keep records in order. The Director revoked Manuele's license. Id., at 2-4. Manuele now seeks judicial review of this decision.

ANALYSIS

This Court reviews federal firearm license revocations de novo. 18 U.S.C. § 923(e). If the record is adequate, the Court may conduct this review without taking additional evidence. Stein's, Inc. v. Blumenthal, 649 F.2d 463, 467 (7th Cir. 1980). In this case, the record is sufficient.

The issue is whether Manuele willfully violated the ATF's record-keeping regulations. Manuele concedes that he violated the record-keeping requirements, but claims that the violations were not willful. For purposes of the firearm licensing laws and regulations, a violation is willful if the license holder understands the requirements of the law but knowingly fails

8

to follow those requirements or is indifferent to them.  <u>Stein's</u>, 649 F.2d at 466; <u>see</u> <u>Article II Gun Shop, Inc. v. Gonzales</u>, 441 F.3d 492, 496 (7th Cir. 2006) (standard for willfulness is purposeful disregard of, or plain indifference to, a known legal obligation).  Bad motives need not be established.  <u>Shyda v. Director, Bureau of Alcohol, Tobacco and Firearms, U.S. Dept. Of Treasury</u>, 448 F.Supp. 409, 415 (M.D. Pa., 1977).

The evidence establishes that Manuele knew that he was required to keep a record of all acquisitions, but he failed to do so on 502 occasions. Bolash found 486 instances in which Manuele had a record of a disposition of a weapon, but no record of its acquisition.  In addition, Manuele had 16 firearms in his inventory that were not reflected in the his acquisition log. Manuele did not present any evidence to dispute Bolash's findings. Manuele also admitted he knew he was supposed to keep a record of all acquisitions.  He did not do so.  His failures were not an oversight on a few occasions.  He failed to meet this known obligation on 502 occasions. The number of failures demonstrates that he either decided not to follow the regulatory requirement, or was indifferent to the requirement. The evidence shows a willful violation.

In addition, the evidence shows that Manuele willfully violated the

requirement to report multiple sales to the ATF.  The ATF sent him the Multiple Sales forms.  He knew he was required to fill out the Multiple Sales forms and send them back to the ATF anytime he sold more than one handgun to the same person within a five-day period.  He complied with this requirement up until January 2003.  After that time, he stopped sending in Multiple Sales forms to the ATF.  On 40 occasions he made multiple sales and did not report them.  His only explanation is that he had family obligations.  He still made the multiple sales, though.  If he had family obligations that prevented him from filing reports he should have stopped making multiple sales.  His family obligations are not an excuse; he knew his obligation under the regulations and decided not to comply.  This was a willful violation of the regulations.  Since the evidence clearly establishes two willful violations, the ATF was well within its authority to revoke his license.  See Breit & Johnson Sporting Goods, Inc. v. Ashcroft, 320 F.Supp.2d 671, 678 (N.D. Ill., 2004) (one willful violation is sufficient to warrant revocation).

Manuele argues that the hearing officer was correct when he decided that the ATF should have explained the regulations to Manuele.  Manuele suggests that a violation cannot be willful unless the person first receives a

10

warning.   Manuele cites a number of cases in which dealers received multiple warnings before their licenses were revoked.   See Manuele Opposition, at 4-6 and cases cited therein.   None of these cases holds that a warning is required.   The regulations and the statute nowhere require a warning before a violation can be willful.   A warning is not required.   The ATF has the authority to revoke a license without a warning.

Manuele also argues that the Court should defer to the hearing officer's finding since he heard the evidence.   This Court is not bound by the hearing officer's findings.   This is a de novo review.   The Court is to give whatever weight it deems appropriate to the administrative findings. Stein's, Inc., 649 F.2d at 467.   The Court agrees that the hearing officer was in the best position to determine credibility, but credibility is not an issue.   The hearing officer found Manuele to be credible, and this Court agrees.

This Court, however, does not agree with the hearing officer's conclusion with respect to the two violations discussed above.   Manuele admitted that he knew he had to keep a record of acquisitions and had to report multiple sales to the ATF.   He also admitted that he failed to follow those two record-keeping requirements.   The ATF is not required to give a warning. The evidence here showed a willful violation of the record-keeping

11

requirements.  The ATF, therefore, had the authority to revoke Manuele's

license in this case.

THEREFORE, the Defendant's Motion for Summary judgment (d/e

16) is ALLOWED.  Judgment is entered in favor of the Defendant, the

Acting Director of Industry Operations for the Bureau of Alcohol, Tobacco,

Firearms, and Explosives, and against Plaintiff Tony Manuele, Jr., d/b/a

Tony's Sporting Goods.  The decision to revoke the federal firearm license

of Tony Manuele, Jr., d/b/a Tony's Sporting Goods, is affirmed.  All pending

motions are denied is moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   May 21, 2008

FOR THE COURT:

<u>        s/  Jeanne E. Scott        </u>
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE